

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. H. Smith
County Attorney
Carson County
Panhandle, Texas

Dear Sir:

Opinion No. O-6640

Re: Authority of county judge or other officers other than justices of the peace to hold inquests.

From your letter of recent date we are apprised that in your county at this time you have no legally qualified and available justices of the peace. You submit the following questions (as restated by us):

1. Where there is no qualified justice of the peace, and it becomes necessary to hold an inquest, can the county judge perform this function?

2. If the county judge would not be authorized to hold an inquest under such circumstances as referred to in question 1, what other officer, if any, would be authorized to hold the inquest?

Title 13 of the Code of Criminal Procedure of Texas (Articles 968-996) is the authority for the holding of inquests in this State, both over dead bodies to determine the cause of death and in "fire inquests" to examine into the unlawful firing of buildings.

In every instance in said Title 13 where reference is made as to the individual holding such inquests it is a "justice of the peace." And the reference is not general - it is specific. For instance, in the very first article is said Title providing when inquests over dead bodise are to be held, the language reads: "Any justice of the peace shall be authorized, and it shall be his duty to hold inquests without a jury within his county," etc. So on through the succeeding articles relative to the disinterment of bodies, the calling in of physicians, the facts upon which the officer may act, the issuance and service of process, the preservation of testimony, the keeping of records and the certification of proceedings, the person acting is specified as " the justice", "a justice" or "justices of the peace." So as to fire inquests - "When an affidavit is made by a credible person before any justice of the peace," etc.

Honorable H. H. Smith - page #2   (O-6640)

No other officer is mentioned in any article of the Code as being
authorized, required, or permitted to serve in the capacity of the
justice of the peace in holding inquests; nor is provision made
for substitution of any other officer to perform such duties.

The object of the statute providing for inquests is to aid in the
enforcement of the law by the the detection of crime, and in each
case, to determine whether an offense has been committed.  This is
the sole purpose.  Polk County v. Phillips, 92 Tex. 630, 51 S. W. 328.

The authority of a justice of the peace to hold an inquest is derived
exclusively from the provisions of the Code of Criminal Procedure we
have mentioned.  The acts of the justice in such cases are official
acts.  When a justice of the peace performs official duties in connection
therewith, his authority flows from the statutes and must be in confor-
mity with the statutory regulations.  See Aetna Casualty & Surety
Company v. Love (Tex. Comm. App., opinion adopted by Supreme Court) 132
Tex. 280, 121 S. W. 2d 986.

We have carefully examined constitutional and statutory provisions
relating to the office of county judge.  Now here do we find provisions
for his acting in the capacity of a coroner to hold inquests.  Nor do
we know of any provision for any other officer to exercise the
prerogatives and to perform the duties imposed by law in this respect.
Justices of the peace alone appear to have the duty, right, power and
authority to preside at inquests.

In Texas Jurisprudence (34 Tex. Jur. 439, 440) appear statements, amply
supported by cited authorities, which we deem applicable to your questions.
we quote:

> "* * * Power and duties are coextensive, and an officer
> has no authority to perform an act in respect of which no
> duty has been made to devolve upon him.

> "* * *

> "Public officers * * * possess only such powers as are
> expressly conferred upon them by law or are necessarily
> implied from the powers so conferred.  They cannot
> perform acts not authorized by existing law, and the
> repeal of a statute authorizing an officer to do a
> particular thing, or of the statute that creates the
> office, necessarily revokes and terminates his power."
> (Emphasis supplied)

Therefore, we answer both of your questions in the negative.

177

In the state of affairs existing in your county, the only solution we are able to offer is to direct your attention to the fact that ample authority exists for the filling of the vacancies in the several offices of your justices of the peace.  See Article 5, Sec. 28, Constitution of Texas: "* * * vacancies in the office of County Judge and justices if the peace shall be filled by the Commissioners Court until the next general election for such offices."  See also, Article 2355, Revised Civil Statutes, which prescribes the method of filling the vacancies.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Benjamin Woodall

By
Benjamin Woodall
Assistant

BW:zd/ldw

APPROVED JUN 27, 1945
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN